UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 2 3 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOYELLE JOHNSON, )
)
    Plaintiff, )
)
v. ) Civil Action No. 11 2288
)
UNITED STATES, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on initial consideration of the plaintiff's application to proceed *in forma pauperis*, her *pro se* complaint and her motions for a temporary restraining order.

It appears that, in the Superior Court of the District of Columbia, the plaintiff has obtained a civil protection order against Victor Rogers, and that Mr. Rogers repeatedly has violated its terms by, for example, stalking the plaintiff, entering her home without permission, and threatening physical harm to the plaintiff and her family members. In this action, the plaintiff appears to request enforcement of the civil protection order. Although the plaintiff's complaint and motions for injunctive relief mention several other matters such as bankruptcy and foreclosure proceedings, the unlawful acts of an investigator, and the use of a web cam to monitor her activities, the relevance of these matters is unclear. The Court has carefully reviewed the plaintiff's submissions, rambling and disorganized as they are, yet cannot discern a cognizable legal claim over which this Court may exercise jurisdiction.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts

have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). This complaint neither states a federal claim nor establishes diversity of citizenship of the parties. Furthermore, this Court has no authority to review a Superior Court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Marshall v. District of Columbia*, No. 87-3507, 1988 WL 26092, at *2 (D.D.C. Mar. 11, 1988) ("It is evident that plaintiff seeks review of judicial determinations of the Superior Court of the District of Columbia and of the District of Columbia Court of Appeals. This Court is without subject matter jurisdiction over such claims."). To the extent that the plaintiff asks this Court to intervene in ongoing proceedings in the Superior Court, interests of comity counsel restraint. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *Moorman v. U.S. Bank, N.A.*, No. 10-1219, 2010 WL 2884661, at *1 (D.D.C. July 10, 2010) (denying plaintiff's motion for a temporary restraining order seeking a stay of execution of a writ of possession issued by the Superior Court, Civil Division, Landlord-Tenant Branch, and dismissing complaint for lack of jurisdiction).

Even if there were subject matter jurisdiction over the plaintiff's claims, she utterly fails to demonstrate any entitlement to injunctive relief. The Court "may issue a temporary restraining order without written or oral notice to the [defendant] . . . only if specific facts in an affidavit or a verified complaint clearly show that immediate injury, loss, or damage will result to the [plaintiff] before the [defendant] can be heard in opposition," and if the plaintiff "certifies in writing any efforts made to give notice and reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The plaintiff makes no mention of actual or attempted notice to the defendant. In

addition, the plaintiff fails to demonstrate "(1) a substantial likelihood of success on the merits, (2) that [she] would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)).

Accordingly, the Court will grant the plaintiff's application to proceed *in forma pauperis*, dismiss the complaint for lack of subject matter jurisdiction and deny her motions for a temporary restraining order. An Order accompanies this Memorandum Opinion.

DATE: 12/22/2011

Robert L. Wilkins
United States District Judge